UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. BLACKWELL, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEANNE M. BLACKWELL, <br><br> Defendant. | Case No.: 1:25-cv-00267-KES-CDB <br><br> ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED <br><br> **14-DAY DEADLINE** |

Plaintiff Robert J. Blackwell, Jr. ("Plaintiff") initiated this action with the filing of a complaint on March 3, 2025. (Doc. 1).

**Background**

In his complaint, Plaintiff asserts that Defendant Jeanne M. Blackwell unlawfully took $1,247,800.00 from the estate of Robert Blackwell, Sr. (Plaintiff's father). (*Id.* at 4, 5). In support of his claims to relief, Plaintiff asserts that Defendant's liability exists under Florida's elder abuse laws. (*Id*. at 5). Plaintiff references in his complaint various Florida statutes, alleges that Plaintiff sent Defendant a demand note and waited 30 days before filing this action "[a]s required by Florida law," and requests punitive damages "as authorized by the [governing Florida] statute." (*Id.* at 6). Plaintiff alleges that the main asset of the decedent's trust is a home in Ocean Ridge, Florida, and that decedent was under the care and custody of Defendant at this residence. (*Id.* at 5-6). Plaintiff further alleges that Defendant is a citizen and resident of Virginia. (*See id.*). Plaintiff makes no

allegations referencing any other conduct relevant to his claims that occurred outside the state of Florida.

**Discussion**

Plaintiff asserts this Court's jurisdiction is founded on diversity of citizenship, setting forth that he resides in California and Defendant in Virginia. (*Id.* at 1-3). As such, venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue may be proper in multiple districts if "a substantial part of the events or omission giving rise to the claim" took place in each district. *Newby v. Treyled Life Settlements LLC*, No. 1:24-CV-00886-JLT-SAB, 2024 WL 5186712, at *17 (E.D. Cal. Dec. 20, 2024), *report and recommendation adopted as modified*, No. 1:24-CV-00886-JLT-SAB, 2025 WL 585913 (E.D. Cal. Feb. 24, 2025). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*

Here, Plaintiff has failed to plead any facts establishing that the Eastern District of California is where a "substantial part of the events or omissions giving rise" to his claim occurred, nor that this is where a "substantial part of the property" at issue is situated. To the contrary, it appears from Plaintiff's allegations that the conduct giving rise to Plaintiff's claims occurred in Florida and that main asset in dispute is located in Florida. Additionally, Defendant's address, as stated in the complaint, is in Virginia and not within this district.

While it appears plain from the complaint that this district is an improper venue for the action, even assuming that venue is in fact proper, the Court may sua sponte transfer this case to

another district under 28 U.S.C. § 1404(a), so long as parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)) (where neither party has requested transfer, the district court, should, at a minimum, issue an order to show cause why the case should not be transferred); *see Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459, at *2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a).").

Accordingly, the Court orders Plaintiff to show cause in writing why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b). To that end, Plaintiff is further ordered to explain where in Florida both the substantial part of the events asserted in his complaint took place and where the substantial part of the property at issue is situated. Specifically, Plaintiff shall provide the particular counties within the state of Florida.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. **Within 14 days of the date of service of this order**, Plaintiff shall show cause in writing why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b). In his response, Plaintiff shall set forth where in Florida both the substantial part of the events giving rise to his claims occurred and where the substantial part of the property at issue is situated, and <u>within which counties of the state of Florida specifically</u>.

2. Alternatively, Plaintiff may file an application requesting that this case be transferred to the appropriate federal district in which the substantial part of the events occurred or the substantial part of the property at issue is situated, pursuant to 28 U.S.C. § 1404(a).

**Failure to comply with this order will result in a recommendation that this case be dismissed for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **March 17, 2025**                              _____
                                                         UNITED STATES MAGISTRATE JUDGE