UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. BLACKWELL, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEANNE M. BLACKWELL, <br><br> Defendant. | Case No. 1:25-cv-00267-KES-CDB <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS <br><br> (Doc. 4) <br><br> **14-DAY OBJECTION PERIOD** |

**Background**

On March 3, 2025, Plaintiff Robert J. Blackwell ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint against Defendant Jeanne M. Blackwell ("Defendant"). (Doc. 1). Following a preliminary review of the complaint, on March 17, 2025, the undersigned ordered Plaintiff "**[w]ithin 14 days** of the date of service of this order" to "show cause in writing why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b)." (Doc. 4 at 3) (emphasis in original). Additionally, Plaintiff was ordered to "set forth where in Florida both the substantial part of the events giving rise to his claims occurred and where the substantial part of the property at issue is situated, and within which counties of the state of Florida specifically." (*Id.*) (emphasis in original). Plaintiff was afforded the opportunity to, alternatively, "file an application requesting that this case be transferred to the appropriate federal district in

which the substantial part of the events occurred or the substantial part of the property at issue is situated, pursuant to 28 U.S.C. § 1404(a)." (*Id.*). Plaintiff was forewarned that any failure "**to comply with this order will result in a recommendation that this case be dismissed for failure to prosecute**" (*Id.*) (emphasis in original).

Plaintiff failed to file a response to the Court's show cause order and the time to do so has expired. For the reasons below, the undersigned will recommend that the Court dismiss this action without prejudice.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (quotation and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders. Plaintiff has filed no response to the Court's order to show cause, nor an application requesting this case be transferred to the appropriate federal district, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). On April 14, 2025, Plaintiff filed a proof of service of the summons and complaint on Defendant. (Doc. 5). However, this matter cannot proceed further without Plaintiff's participation to prosecute the case in the appropriate venue. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action and the possibility that Defendant may have to, thus, defend this action in an improper venue. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and is, thus, impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Failure to comply with this order will result in a recommendation that this case be dismissed for failure**

**to prosecute**." (Doc. 4 at 3) (emphasis original).  Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions.

Because Plaintiff has failed to comply with this Court's orders, and in so doing is failing to prosecute his case, the undersigned will recommend dismissal of this action.

**Conclusion and Recommendation**

For the reasons given above, **IT IS RECOMMENDED** as follows:

1. This action be dismissed without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders.
2. The Clerk of the Court close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 15, 2025**                           _____
                                                      UNITED STATES MAGISTRATE JUDGE