UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. BLACKWELL, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE M. BLACKWELL,<br><br>Defendant. | Case No.: 1:25-cv-00267-KES-CDB<br><br>ORDER TRANSFERRING ACTION TO THE SOUTHERN DISTRICT OF FLORIDA |

Plaintiff Robert J. Blackwell, Jr. ("Plaintiff") initiated this action with the filing of a complaint on March 3, 2025. (Doc. 1).

**Background**

In his complaint, Plaintiff asserts that Defendant Jeanne M. Blackwell unlawfully took $1,247,800.00 from the estate of Robert Blackwell, Sr. (Plaintiff's father). (*Id.* at 4, 5). In support of his claims to relief, Plaintiff alleges that Defendant's liability exists under Florida's elder abuse laws. (*Id*. at 5). Plaintiff references in his complaint various Florida statutes, alleges that Plaintiff sent Defendant a demand note and waited 30 days before filing this action "[a]s required by Florida law," and requests punitive damages "as authorized by the [governing Florida] statute." (*Id.* at 6). Plaintiff alleges that the main asset of the decedent's trust is a home in Ocean Ridge, Florida, and that decedent was under the care and custody of Defendant at this residence. (*Id.* at 5-6). Plaintiff further alleges that Defendant is a citizen and resident of Virginia. (*See id.*). Plaintiff makes no

1 allegations referencing any other conduct relevant to his claims that occurred outside the state of
2 Florida.

3       On March 17, 2025, the Court ordered Plaintiff to show cause why this action should not
4 be transferred for improper venue pursuant to 28 U.S.C. § 1391(b) and to set forth where in Florida
5 the substantial part of the events occurred and where the substantial part of the property at issue is
6 located, and within which counties specifically. (Doc. 4). Upon Plaintiff's failure to file a response
7 to the Court's order by the applicable deadline, the undersigned issued findings and
8 recommendations on April 16, 2025, to dismiss the action for failure to prosecute and obey court
9 orders. (Doc. 6). On May 1, 2025, Plaintiff filed three documents: timely objections to the findings
10 and recommendations (Doc. 7), a request for entry of default as to Defendant (Doc. 8), and a request
11 for a minimum of 30 days for Plaintiff to respond to the Court's orders (Doc. 9). In his objections,
12 Plaintiff asserted that he never received the Court's order to show cause. (*See* Doc. 7). On May 5,
13 2025, the Court granted in part Plaintiff's request for a minimum 30 days to respond to the Court's
14 orders and directed Plaintiff to file his response to the order to show cause within 30 days. (Doc.
15 10).

16       Plaintiff filed his response to the order to show cause on June 3, 2025. (Doc. 11). On June
17 4, 2025, the Court directed Plaintiff to provide a supplemental response, noting that "[n]owhere in
18 his response does Plaintiff address the specific inquiry in the order to show cause concerning within
19 which counties in Florida did the substantial part of the events occur and wherein the property is
20 situated." (Doc. 12 at 1-2). On July 7, 2025, Plaintiff filed a supplemental response providing
21 Palm Beach County as the relevant county. (Doc. 13).

22 **Discussion**

23 Plaintiff asserts this Court's jurisdiction is founded on diversity of citizenship, setting forth
24 that he resides in California and Defendant in Virginia. (Doc. 1 at 1-3). As such, venue in this
25 action is governed by 28 U.S.C. § 1391, which provides in relevant part:

26     A civil action may be brought in—(1) a judicial district in which any defendant
    resides, if all defendants are residents of the State in which the district is located;
27     (2) a judicial district in which a substantial part of the events or omissions giving
28

> rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue may be proper in multiple districts if "a substantial part of the events or omission giving rise to the claim" took place in each district. *Newby v. Treyled Life Settlements LLC*, No. 1:24-cv-00886-JLT-SAB, 2024 WL 5186712, at *17 (E.D. Cal. Dec. 20, 2024), *report and recommendation adopted as modified*, No. 1:24-CV-00886-JLT-SAB, 2025 WL 585913 (E.D. Cal. Feb. 24, 2025). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*

Here, despite Plaintiff's conclusory assertion that "[s]ubstantial activity underlying this case has occurred in the Eastern District of [California]" (Doc. 11 at 2), Plaintiff has failed to plead any facts establishing that the Eastern District of California is where a "substantial part of the events or omissions giving rise" to his claim occurred, or that this is where a "substantial part of the property" at issue is situated. To the contrary, Plaintiff's allegations in his complaint state that the conduct giving rise to Plaintiff's claims occurred in Florida and that the main asset in dispute is located in Florida. Additionally, Defendant's address, as stated in the complaint, is in Virginia and not within this district.

Even assuming that venue is in fact proper, the Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)) (where neither party has requested transfer, the district court, should, at a minimum, issue an order to show cause why the case should not be transferred); *see Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459, at *2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a).").

Plaintiff requests the Court "not to dismiss this case for improper venue" and, if the Court

finds venue improper, allow Plaintiff the opportunity to file a change of venue to the Eastern District of Virginia, as that is "where the Defendant resides and the case could have been filed." (Doc. 11 at 4).

The Court has provided Plaintiff the opportunity to present his views and Plaintiff has noted Palm Beach County as the location in Florida wherein a substantial part of the events occurred and property is located. The Court finds that, pursuant to 28 U.S.C. § 1391(b), both the Eastern District of Virginia and the Southern District of Florida are proper venues for this action. As Plaintiff's assertions provide, therefore, that the main asset in dispute is in Palm Beach County, Florida, and all events at issue occurred there, the Court will transfer this matter to the United States District Court for the Southern District of Florida.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that that this matter is transferred to the United States District Court for the Southern District of Florida.

IT IS SO ORDERED.

Dated: **July 9, 2025**

UNITED STATES MAGISTRATE JUDGE